# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-cv-1020 HEA |
| ) | |
| MECC, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of a civil complaint and request for leave to proceed *in forma pauperis*, filed by Joseph Michael Devon Engel, prison registration number 1069055. Plaintiff's request will be denied, and this case will be dismissed without prejudice to the filing of a fully-paid complaint.

## Background

On September 3, 2020, plaintiff began filing civil actions *pro se* in this Court, each time seeking leave to proceed *in forma pauperis*. His first case, a petition for habeas corpus relief under 28 U.S.C. § 2254, was dismissed on December 14, 2020 due to his failure to exhaust available state remedies. *Engel v. Payne*, No. 4:20-cv-1211-DDN, ECF No. 8 (E.D. Mo. Sept. 3, 2020). Subsequently, he began filing prisoner civil rights complaints pursuant to 42 U.S.C. § 1983. For the most part, he submitted his pleadings in bulk, and stated he intended each set of pleadings to be docketed as an individual civil action.

In many of his complaints, plaintiff listed numerous entities and officials identified only by generic job titles, and sought trillions of dollars in damages against them based upon wholly conclusory and nonsensical allegations. *See, e.g., Engel v. Corizon*, No. 4:20-cv-1695-NAB (E.D. Mo. Nov. 30, 2020) (listing 45 defendants on handwritten notes included with complaint); *Engel*

*v. CO1*, No. 4:20-cv-1923-HEA (E.D. Mo. Dec. 20, 2020) (naming 49 defendants but none by a first and last name). Plaintiff often sought forms of relief that were unrelated to his claims (such as stocks, properties, outfitted luxury vehicles, and college scholarships) from multiple defendants and non-parties, and he sought relief on behalf of individuals other than himself. *See e.g., Engel v. CO1, et al.,* No. 4:20-cv-1620-NCC (E.D. Mo. Nov. 9, 2020) (seeking scholarships for family members, Missouri farmland for marijuana cultivation, and Mercedes SUVs that are "bulletproof" and "bombproof"); *Engel v. USA*, No. 4:20-cv-1742-MTS (E.D. Mo. Dec. 1, 2020) (seeking 250 trillion dollars and 2 million in stocks of twenty-three listed countries); and *Engel v. Mercy Hospital Festus*, No. 4:20-cv-1911-AGF (E.D. Mo. Dec. 11, 2020) (seeking 8900 trillion dollars plus 10 million stocks in various metals, gems, food products, and U.S. and foreign currencies). Plaintiff repeatedly referred to and appeared, at least partially, to base his entitlement for relief upon his alleged status as a "sovereign citizen." *See e.g., Engel v. Governor of Missouri*, No. 1:20-CV-217-HEA (E.D. Mo. Oct. 7, 2020).

The cases that were reviewed pursuant to 28 U.S.C. § 1915(e)(2) were dismissed, either for one of the reasons articulated therein[1] or because plaintiff failed to comply with Court orders. In *Engel v. Missouri Courts*, No. 4:20-cv-1258-SPM (E.D. Mo. Sept. 15, 2020), this Court cautioned plaintiff to avoid the practice of repeatedly filing frivolous and malicious complaints. The Court explained that doing so amounted to abusive litigation practices and could affect plaintiff's future eligibility to proceed *in forma pauperis* as well as potentially subject him to

---

[1] For example, in many of plaintiff's actions, the Court determined his allegations were "clearly baseless" and therefore factually frivolous under the standard articulated in *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), and also determined many complaints were subject to dismissal as malicious based upon the nature of his pleadings and his abusive litigation practices. *See e.g., Engel v. Prob. & Parole of Mo.*, No. 4:20-cv-1740-DDN, ECF No. 5 at 6 (E.D. Mo. dismissed Dec. 22, 2020) (listing twenty-nine of Mr. Engel's cases naming Missouri Department of Corrections as a defendant); *Engel v. Corizon*, No. 4:20-cv-1812-NAB, ECF No. 4 at 8-9 (E.D. Mo. dismissed Jan. 6, 2021) (discussing Mr. Engel's litigation practices as part of an attempt to harass named defendants and not a legitimate attempt to vindicate a cognizable right).

sanctions. Nevertheless, plaintiff continued the practice. As of December 21, 2020, he was subject to the "three-strikes" provision of 28 U.S.C. § 1915(g). In cases filed after that date, plaintiff has been denied leave to proceed *in forma pauperis* without prejudice to the filing of a fully-paid complaint.

As of August 1, 2021, plaintiff filed more than 150 civil actions. Additionally, the Court has received civil rights complaints that were filed by prisoners other than plaintiff, but were in plaintiff's handwriting, and contained allegations and prayers for relief similar to those he previously filed on his own behalf. *See e.g., Herron v. ERDCC et al.,* No 4:21-cv-527-NAB (E.D. Mo. May 3, 2021). In sum, plaintiff has flagrantly disregarded this Court's prior caution to avoid engaging in abusive litigation practices.

**The Complaint**

Plaintiff filed this action jointly with fellow inmate, Clarence Z. Howard. ECF No. 1. The complaint was signed by both Mr. Engel and Mr. Howard, and each inmate filed a separate motion to proceed *in forma pauperis*. ECF Nos. 4, 6. The caption of the complaint listed "MECC" and "MODOC" as defendants.

In the section of the form complaint designated to assert the statement of the claim, the plaintiffs stated the following in Mr. Engel's handwriting:

> This is in Regards to [] 7-28-21 at 10:30am 4 house Caseworkers Office to rec[e]ive my Legal Mail. I got a note with [] all of it together and it was already open and the note said sorry. Like they did not notice it wrong. This goes against Policy. Its funny it happen to me and another offender. I am putting this Offender on this suit also so he can get a copy of all the info. Like they did not notice United States District Courts.
>
> This Lawsuit is for Both Offenders 50/50. We don't deserve for our rights to be violated over and over again just cause we are in prison. The other person this Happen to is Clanence [sic] Howard #1273308. They Broke [our] 4th Admentment [sic] and 14th Admentment [sic] this aint the first time either. I'm a Sovereign Citizen Missouri #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.

3

ECF No. 1 at 7-8.

Included with the complaint were four pages of notebook paper in which Mr. Howard essentially repeated the statement of the claim. *Id.* at 3-4. Mr. Howard also listed five individuals who were not named in the caption: the Warden, Assistant Warden, Deputy Warden, Division Deputy Warden, and a mail room employee of the Missouri Department of Corrections. *Id.* at 5-6. The handwriting is difficult to decipher, but it appears Mr. Howard intended to also name these individuals as defendants despite their omission from the caption. Mr. Howard takes issue with their responses to his grievances regarding his legal mail. These allegations do not appear to relate to Mr. Engel.

The injuries were described as: "civil rights, civil liberty rights, prisoner rights, mental angious [sic] physical health, [and] mind raping." *Id.* at 8. For relief, they sought 250 billion dollars. *Id.* at 9.

On August 20, 2021, the Court issued an order striking plaintiff Clarence Howard from this action and directing the Clerk to open a new prisoner civil rights case for the stricken plaintiff. ECF No. 9. *See Howard v. MECC, et al.*, 4:21-CV-1051-RWS (E.D. Mo.). The Court explained that, pursuant to Rule 20 of the Federal Rules of Civil Procedure, multiple prisoners may not join together in a single lawsuit.

## Discussion

As discussed above, Mr. Engel is a prisoner who, while incarcerated, has filed at least three civil actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[2] The Prison Litigation Reform Act of 1996

---

[2] *See Engel v. Governor of Missouri, et al.,* No. 1:20-cv-217 HEA (E.D. Mo. Dec. 15, 2020); *Engel v. United States of America, et al.*, No. 4:20-cv-1742 MTS (E.D. Mo. Dec. 18, 2020); *Engel v. Missouri Courts, et al.,* No. 4:20-cv-1258 SPM (E.D. Mo. Dec. 21, 2020).

provides, in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 575 U.S. 532, 135 S. Ct. 1759, 1763 (2015). Therefore, plaintiff may proceed *in forma pauperis* in this action only if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The instant complaint contains no allegations establishing that plaintiff is under imminent danger of serious physical injury. Therefore, he may not proceed *in forma pauperis* in this action. *See* 28 U.S.C. § 1915(g).

Even if plaintiff was allowed to proceed *in forma pauperis* in this matter, the complaint would be dismissed as it fails to state a claim upon which relief may be granted against the Missouri Department of Corrections and the Missouri Eastern Correctional Center because they are not "persons" that can be sued under 42 U.S.C. § 1983, *see Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), and plaintiff's claims against them would be barred by the doctrine of sovereign immunity. *See Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). This Court has previously dismissed Mr. Engel's claims against these entities for these same reasons. *See e.g.*, *Engel v. Corizon, et al.*, Case No. 4:21-cv-716-SPM (E.D. Mo.). Additionally, as to the five individuals that Mr. Howard listed on notebook paper, those allegations relate to grievances Mr. Howard submitted to the institution, and do not appear to personally involve Mr. Engel. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (stating that "because pro se means to appear for one's self . . . A person must be litigating an interest personal to him.")

To the extent plaintiff alleges an entitlement to relief based upon his status as a sovereign

5

citizen, such claim is frivolous. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983); *see also United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of a "sovereign citizen" and collecting cases rejecting the group's claims as frivolous, and recommending that "sovereign citizen" arguments "be rejected summarily, however they are presented.").

Finally, the complaint would also be subject to dismissal as malicious. As explained above, plaintiff has repeatedly and knowingly engaged in litigation practices that amount to abuse of the judicial process. It is apparent he filed the instant complaint as part of a general campaign of harassment, not in a legitimate attempt to vindicate a cognizable right. *See In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits); *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right); *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

Plaintiff's request for leave to proceed *in forma pauperis* will be denied, and this case will be dismissed without prejudice to the filing of a fully-paid complaint. Additionally, the Court will instruct the Clerk of Court to request that the agency having custody of plaintiff begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the full $402 civil filing fees are paid in full.

**Plaintiff is once again advised that his litigation practices are abusive, and is cautioned to avoid such practices in the future. For each such complaint plaintiff files, the Court will instruct the Clerk of Court to begin debiting his prison account to pay the civil**

**filing fees. Plaintiff is further cautioned that the Court may impose monetary sanctions upon him if he continues his abusive litigation practices in the future.**

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 4] is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court shall request that the agency having custody of plaintiff begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the full $402 civil filing fees are paid in full.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order [ECF No. 8] is **DENIED as moot**.

**IT IS FINALLY ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED as moot**.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 26th day of August, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE